### UPHAM MANUFACTURING CO. v. GIBSON AND WARRINGTON.

1. JOURNAL ENTRY AS TO OVERRULING OF A MOTION FOR A NEW TRIAL MUST GOVERN.

   Where it is shown by a journal entry that a motion for a new trial was overruled on a certain day, but the bill of exceptions recites that it was overruled on a different day, the former must govern.

2. TIME FOR ALLOWING A BILL OF EXCEPTIONS BEGINS TO RUN FROM DATE OF JOURNAL ENTRY.

   A motion for a new trial was overruled on July 22d, but was entered on the minutes as having been overruled on the preceding June 29th, the last day of the term at which the trial occurred. A bill of exceptions was allowed and signed on September 9th, forty-nine days after the overruling of the motion: *Held*, that the fifty days allowed for signing the bill began to run from the date of the entry and not from the date of the overruling of the motion as shown on the bill.

ERROR to the Common Pleas Court of Hamilton county.

SMITH, J.

As all of the questions in this case arise on the bill of exceptions, and it is claimed by the counsel for the defendants in error that such bill cannot be regarded or considered by this court, this question must be first disposed of, for if found in favor of the defendants in error, the judgment must be affirmed.

As shown by the transcript of the journal entries, on the 15th day of May, 1895, the jury which tried the case in the court of common pleas rendered a verdict in favor of Gibson & Warrington, the plaintiffs below, against the defendant company for $2,176.38. On May 17, 1895, a motion for a new trial was filed by the said defendant, and on June 29, 1895, an entry was made on the journal of the court overruling that motion, and rendering judgment in accordance with the verdict. This was on the last day of the January term of that year.

On the same day (June 29) is an entry in these words: "Now comes the defendant and presents to the court its certain bill of exceptions herein, which being found by the court to be true, and to have been submitted to opposite counsel in accordance with the statute in such case made and provided, is allowed, signed, and on motion made part of the record in this case."

If the bill of exceptions which is found among the original papers in this case had purported to have been signed by the trial judge on the day when this entry was made, of course everything would have been in accordance with the provisions of the statute, and the question raised could not have arisen; but instead of this the bill expressly states that it was signed and allowed on the 9th day of September, 1895, which was seventy-two days after the overruling of the motion for a new trial, while the statute expressly provides that it must be submitted to the trial judge within forty days after the overruling of such motion, and be signed by him within fifty days after such overruling, unless by endorsement thereon such judge extends the time for ten days longer.    It is clear, therefore, that if the motion for a new trial was overruled on June 29, 1895, and the bill of exceptions was not in fact signed and allowed until September 9th following, the trial judge had lost jurisdiction to allow and sign any bill of exceptions based or founded on the overruling of such motion, and his act in doing so was a nullity, and the bill can not be regarded by us.

But it is urged by the counsel for the plaintiff in error, that this should not be so for these reasons:    That the bill of exceptions itself shows by a recitation therein, that the motion for a new trial was not overruled until *July 22, 1895*, and that as it was allowed and signed on the 9th day of September, 1895, which was only forty-nine days after the overruling of the motion for a new trial; that it was so allowed within the fifty days given by the statute, and if the motion *in fact was* overruled on July 22, the claim would be well founded.    But as the transcript of the journal entries shows that it was overruled on June 29th and not on July 22d, the question arises whether a reviewing court is to be governed by the record of the court as shown by the entry on the journal, or by the statement made as to this by the trial judge in the bill of exceptions signed by him afterwards.    Before discussing this question it may be well to say, that there is an indorsement on the bill itself in the handwriting of the judge, directing the bill to be filed on September 9th, and the entry allowing the bill of exceptions which was copied upon the journal, is endorsed by the trial judge directing it to be entered the same day, September 9th; but for some reason, not explained, this entry also appears upon the journal of June 29, 1895, following the entry of the overruling of the motion for a new trial.

We are of the opinion that where the record of the court, that is the journal entry made, shows that a motion for a new trial was overruled on a day named, and the bill of exceptions recites that it was overruled on a different day; that the former must govern.    The statute, sec. 4962, provides that the clerk shall keep the journal, and record the proceedings of the court, and it follows that if a motion for a new trial is overruled, it must be entered upon the journal with the date at which it is done, and while such entry stands it is conclusive.    It is true that under other provisions of the statute, bills of exception when allowed, are to be filed with the pleadings of the case, and if desired, made a part of the record of the case, but it could not properly be held, we think, that any recital therein by the trial judge, could in any way override or control a regular entry on the journal of the court, which the law requires to be placed thereon; or, that if the journal is silent as to any action of the court, which is required to be there, that a statement in the bill of exceptions that such action was had, will not take the place of the journal entry.    Accordingly it has been held by this court in several

cases that where the journal of the court shows that no exception was taken to the overruling of the motion for a new trial, a statement in the bill of exceptions that it was, would not supply the defect. See, also, Heffner v. Moyst, 40 O. S., 112, and Challen v. Cincinnati, 40 O. S., 113.

The difficulty then which meets the plaintiff in error in this case is this—the motion for a new trial having been overruled, June 20, 1895, and the journal showing a bill of exceptions was allowed on that day, there is no such paper with the files, the only one being that signed on September 9th and under our holding in the case of Bowen v. Gazlay, 4 Ohio Circ. Dec., 440, the journal entry of June 29th can not be held to apply to that bill even if the clerk improperly marked it as filed as of June 29th. And as the journal shows no allowance of a bill on September 9th, there is nothing to show that the bill in question was filed on that day; and if there were, it would, as we have held, have been too late, as it would not have been signed within fifty days from the overruling of the motion.

In view, then, of the facts in the case, and the clear decisions of the Supreme Court that the provisions of the statute as to the allowance of bills of exception are mandatory, and if it appears from the record that they have not been strictly complied with, that the trial court has not authority to sign or allow a bill, we feel compelled to hold that this bill of exceptions can not be regarded, and that the judgment must be affirmed.

*H. P. Lloyd*, for plaintiffs in error.
*W. W. Prather*, for defendants in error.